IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Joseph Edward Alexander, | Case No. 3:12 CV 1013 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| John L. Coleman, Warden, | |
| Respondent. | |

### INTRODUCTION

*Pro se* Petitioner Joseph Edward Alexander filed this action for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is in state custody at Allen Correctional Institution, names Warden John Coleman as Respondent. Petitioner alleges (1) he was indicted, tried, and convicted in a county other than where he committed the alleged offense; (2) ineffective assistance of trial counsel; and (3) trial court error in imposing maximum consecutive sentences. He seeks immediate release from custody. For the reasons set forth below, the Petition is denied.

### BACKGROUND

In May 2002, Petitioner was convicted of one count of felonious assault, two counts of kidnaping, and one count of tampering with evidence, in violation of Ohio Revised Code §§ 2903.11(A), 2905.01(B), and 2921.12, respectively. In July 2002, the trial court sentenced Petitioner to maximum consecutive prison terms for each offense for a total sentence of twenty-three years. Petitioner filed a timely appeal, raising the following five assignments of error:

1. The trial court erred by sentencing him to the maximum sentence.

2. The trial court erred by imposing consecutive sentences without first making the findings required by R.C. § 2929.14.

3. There was insufficient evidence to support his conviction of felonious assault and the conviction was contrary to the manifest weight of the evidence.

4. The trial court violated his right to due process under the Ohio and United States Constitutions by instructing the jury on complicity when he had not been charged with the crime of complicity.

5. The trial court committed plain error when it failed to provide the jury with verdict forms that would indicate whether he was convicted as principal offender or as a complicitor.

The Ohio appellate court rejected each of Petitioner's grounds for relief in December 2003, affirming his conviction and sentence. *See State v. Alexander*, 2003 WL 22994222 (Ohio Ct. App. 2003). Petitioner did not appeal this decision to the Ohio Supreme Court.

In June 2011 -- over seven years later -- Petitioner filed a "Discretionary Appeal" in the state appellate court, in which he claims he raised the following grounds for relief: (1) the trial court erred when it sentenced him to non-minimum and consecutive sentences; (2) the trial court erred in imposing maximum consecutive terms of imprisonment; and (3) the trial court committed prejudicial error where it lacked venue and jurisdiction (Doc. 1 at 4). The state appellate court denied Petitioner's motion in August 2011, finding it constituted a petition for post-conviction relief and should, therefore, have been filed in the trial court pursuant to R.C. § 2953.21. *See State v. Alexander*, Case No. WD-02-047 (2011). Petitioner appealed to the Ohio Supreme Court which dismissed the appeal in December 2011 for not involving any substantial constitutional question. *See State v. Alexander*, Case No. 2011-1560 (2011).

Meanwhile, in September 2011, Petitioner filed a petition for post-conviction relief in the state trial court, in which he raised the same grounds for relief raised in his "Discretionary Appeal" (Doc. 1 at 5). Two months later, the trial court held Petitioner's post-conviction petition was untimely, as it was filed "more than eight years after the deadline for timely filing." The court held:

> When a petition for post-conviction relief is not timely filed, the court may still consider it if the defendant shows both that he was unavoidably prevented from discovering the facts upon which his petition is based or that the United States Supreme Court has recognized a new right that retroactively applies to the defendant, and demonstrates by clear and convincing evidence that no reasonable trier of fact would have convicted him but for constitutional error at trial. Mr. Alexander's petition does not allege that he was unavoidably prevented from discovering the facts upon which he bases his petition. He does claim that the United States Supreme Court decisions in *Apprendi v. New Jersey*, [530 U.S. 466 (2000)] and *Blakely v. Washington*, [542 U.S. 296 (2004)] created a right to be sentenced without judicial fact-finding, and that right applies retroactively.
>
> In *State v. Foster*, [109 Ohio St.3d 1 (2006)], the Supreme Court of Ohio held that the *Apprendi* and *Blakely* decisions apply to Ohio's sentencing laws, and the judicial fact-finding provisions of the sentencing laws were unconstitutional. The court also held that any case where the unconstitutional judicial fact-finding portions of the sentencing laws were used, and that was pending during direct appellate review at the time *Foster* was decided, must be remanded for resentencing. *Foster* was decided on February 27, 2006. Mr. Alexander's direct appeal was decided on December 19, 2003. Mr. Alexander's direct appeal was not pending at the time *Foster* was decided, so that decision does not apply retroactively to his case. Thus, Mr. Alexander has not alleged that the United States Supreme Court recognized a new right that retroactively applies to him, as required by R.C. 2953.23(A)(1)(a). Further, Mr. Alexander has not presented any clear and convincing evidence that but for the constitutional error no reasonable finder of fact would have convicted him at trial, as required by R.C. 2953.23(A)(1)(b). Because Mr. Alexander's petition does not meet the requirements in R.C. 2953.23(A)(1), the court cannot find that his late filing is excused.

*See State v. Alexander*, Case No. 02CR257 (Wood County Ct. Cmn. Pl. Nov. 8, 2011). Petitioner did not appeal the trial court's decision (Doc. 1 at 6, 9).

In April 2012, Petitioner filed the instant Petition for Writ of Habeas Corpus.

3

**STANDARD OF REVIEW**

A federal court may entertain a habeas petition filed by a person in state custody only on the ground his custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court must undertake a preliminary review of a habeas petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." If so, the petition must be dismissed. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243). Petitioner is appearing *pro se* and, as such, his allegations must be taken as true and construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

Because the instant Petition was filed after the passage of the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA"), its provisions apply. *See Woodford v. Garceau*, 538 U.S. 202, 205–06 (2003). In short, AEDPA imposes a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997), and "demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam). Therefore, under AEDPA, this Court cannot grant habeas relief unless the state court decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or was (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)(2).

The Supreme Court has made clear the "contrary to" and "unreasonable application" clauses have distinct meanings. *See Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court decision is contrary to clearly established federal law where the court fails to apply the correct controlling authority; or if it applies controlling authority to a case involving facts materially indistinguishable from those in a controlling case, but nonetheless reaches a different result. *Id.* at 413–14; *Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision involves an unreasonable application of clearly established federal law if the state court identifies the correct governing legal principle from Supreme Court precedent, but unreasonably applies that principle to the facts of the case, or unreasonably extends a legal principle to a new context where it should not apply, or fails to extend the principle to a context in which it should apply. *Williams*, 529 U.S. at 407; *Brown*, 544 U.S. at 141; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). The state's application of federal law "must be shown to be not only erroneous, but objectively unreasonable." *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009) (quotation omitted).

Moreover, "[i]n situations in which a petitioner has failed to fairly present federal claims to the state courts, and a state procedural rule now prohibits the state court from considering them, the claims are considered procedurally defaulted." *Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009) (citing *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002)); *see also Coleman v. Thompson*, 501 U.S. 722, 749 (1991). "While in such situations the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner . . . the petitioner's failure to have the federal claims considered in the state courts results in a procedural default of those claims that bars federal court review." *Pudelski*, 576 F.3d at 605 (citations omitted).

5

The Sixth Circuit applies a three-part test to determine if a claim is procedurally defaulted: (1) a state procedural rule applies to petitioner's claim and petitioner failed to comply with it; (2) the state actually enforced the procedural sanction; and (3) the state procedural forfeiture is an "adequate and independent" state ground on which to foreclose federal habeas review. *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A petitioner can only overcome procedural default by "demonstrat[ing] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 725; *Buell*, 274 F.3d at 349.

## DISCUSSION

With these principles in mind, Petitioner's first and second grounds for relief are procedurally defaulted because he failed to timely present them to state courts. While Petitioner did raise these claims in a state post-conviction petition, that petition was denied as untimely. Petitioner failed to appeal the denial of his post-conviction petition to the state appellate court, and this Court finds Petitioner is now precluded from appealing that denial because Ohio does not permit delayed appeals in post-conviction proceedings. *See State v. Nichols*, 11 Ohio St. 3d 40 (1984) (holding delayed appeals unavailable in post-conviction proceedings). The first two factors under *Buell* and *Maupin* are thus satisfied. Moreover, under the third factor, it is well-established that this Ohio rule is an adequate and independent ground upon which to deny relief. *See Nesser v. Wolfe*, 370 F. App'x 665, 670 (6th Cir. 2010); *Stojetz v. Ishee*, 389 F. Supp. 2d 858, 885–86 (S.D. Ohio 2005). Because Petitioner has not demonstrated cause and prejudice, or shown that the failure to consider his claims

will result in a fundamental miscarriage of justice, this Court finds they are procedurally defaulted. *See Coleman*, 501 U.S. at 725; *Buell*, 274 F.3d at 349.

Petitioner's third ground for relief fares no better. Petitioner asserts the trial court exceeded its authority by imposing maximum consecutive sentences "without the findings by a jury or admission of the petitioner" (Doc. 1 at 10). Petitioner's argument apparently relies on *Blakely v. Washington*, 542 U.S. 296, 304–05 (2004), where the Supreme Court held a petitioner's sentence violated the Sixth Amendment because facts supporting the exceptional sentence were not admitted by petitioner or found by a jury. In *State v. Foster*, 109 Ohio St. 3d 1, 18–21 (2006), the Ohio Supreme Court held certain aspects of Ohio's felony-sentencing structure were unconstitutional in light of *Blakely*, including sentencing provisions regarding the imposition of maximum consecutive prison terms under R.C. §§ 2929.14(C) and 2929.14(E)(4).

Petitioner was sentenced in July 2002, and his conviction and sentence were affirmed on direct appeal in December 2003. Both of these events occurred prior to *Blakely* and *Foster*, and thus Petitioner could not have raised this issue with the trial court prior to sentencing or on direct appeal. Petitioner also failed to appeal the appellate court's decision to the Ohio Supreme Court. However, Petitioner would not be able to raise his *Blakely* issue in a delayed appeal, given that his conviction and sentence were not pending on direct review at the time *Foster* was decided in February 2006. *See Nesser*, 370 F. App'x at 670 ; *State v. Silsby*, 119 Ohio St. 3d 370 (2008) (finding review of alleged *Foster* sentencing error was not available in delayed appeal because action was not pending on direct review at the time *Foster* was decided).

Petitioner did raise the *Blakely* issue in his September 2011 post-conviction petition, over five years after *Foster*. However, as previously discussed, the trial court rejected the petition as untimely

7

and Petitioner failed to appeal. As with his first two grounds for relief, Petitioner is now precluded from appealing that ruling because Ohio does not permit delayed appeals in post-conviction proceedings. This is an adequate and independent ground upon which to deny relief. *See Nichols*, 11 Ohio St.3d at 40; *Nesser*, 370 F. App'x at 670; *Stojetz*, 389 F. Supp. 2d at 885–86. Moreover, Petitioner has failed to demonstrate cause and prejudice, or to show that failure to consider his claim would result in a fundamental miscarriage of justice.

## CONCLUSION

For the foregoing reasons, the Petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, under Section 1915(a)(3), this Court certifies an appeal could not be taken in good faith, and there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253.

IT IS SO ORDERED.

        s/ *Jack Zouhary*
    JACK ZOUHARY
    U. S. DISTRICT JUDGE

August 9, 2012